COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPREME JUDICIAL COURT
                                     FOR SUFFOLK COUNTY
                                     NO:  BD-2019-048


IN RE: Cynthia Lee Andersen


ORDER OF IMMEDIATE ADMINISTRATIVE SUSPENSION

This matter came before the Court, Gants, C.J., on a Petition for Administrative Suspension and affidavit filed by Bar Counsel pursuant to Supreme Judicial Court Rule 4:01, § 3(2). Upon consideration thereof, it is ORDERED that:

1.   Cynthia Lee Andersen is administratively suspended from the practice of law in the Commonwealth effective immediately upon the entry of this Order, and, in accordance with Supreme Judicial Court Rule 4:01, § 17(4), the Board of Bar Overseers shall promptly transmit a copy of this Order of Administrative Suspension to the clerk of each court in the Commonwealth, state and federal, in which it has reason to believe the lawyer has been engaged in practice.

If Cynthia Lee Andersen is not reinstated within thirty days of the date of entry of this Order, it is hereby FURTHER ORDERED that:

2.   The lawyer shall forthwith at the expiration of the

RECEIVED
6/1/2019 8:60 AM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

thirty days:

    a)   file a notice of withdrawal as of the effective date of the administrative suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b)   resign as of the effective date of the administrative suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

    c)   provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been administratively suspended; that she is disqualified from acting as a lawyer after the effective date of the administrative suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any

urgency arising from the circumstances of the case;

d)   provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been administratively suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the administrative suspension;

e)   make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f)   refund any part of any fees paid in advance that have not been earned; and

g)   close every IOLTA, client, trust, or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in her possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

3.   The lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules.   Appended to the affidavit of compliance shall be:

a)    a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts, and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail.  Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b)    a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust, or other fiduciary funds;

c)    a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody, or control as of the entry date of this Order or thereafter;

d)    such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e)    a list of all other state, federal, and

administrative jurisdictions to which the lawyer is admitted to practice; and

f)  the residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

4.  The lawyer shall file with Clerk of the Supreme Judicial Court for Suffolk County:

a)  a copy of the affidavit of compliance required by paragraph 3 of this Order;

b)  a list of all other state, federal, and administrative jurisdictions to which the lawyer is admitted to practice; and

c)  the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court, (Gants, C.J.)

Assistant Clerk

Entered:  May 1, 2019

A True Copy
Attest

7/17/19

Date

Assistant Clerk

